# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD TIDWELL,<br><br>    Plaintiff,<br><br>  v.<br><br>C. C. I. - CHIEF MEDICAL OFFICE, et al.,<br><br>    Defendants. | CASE NO. 1:04-CV-5610-AWI-LJO-P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. 39)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SCAN LODGED SECOND AMENDED COMPLAINT IN FULL |

Plaintiff Harold Tidwell ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed July 19, 2004, against defendant Hirsch ("defendant") for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.

On August 23, 2005, plaintiff filed a motion seeking leave to file a second amended complaint adding a claim against new parties, and submitted a proposed second amended complaint. Plaintiff seeks to add the individual members of the Medical Authorization Review Committee ("MARC"), who allegedly violated his Eighth Amendment rights by denying the treatment plan recommended by outside dermatologist Susan Luu, M.D.[1] Defendant filed an opposition to the motion on August 30, 2005.

---

[1] The proposed defendants to be added are Julia Orrantia, Dr. C. W. O'Brien, Dr. Kai Kim, Dr. A. Yin, Dr. Thomas Vo, Dr. E. Capot, Dr. J. Baughman, and Dr. J. Moore.

1

1    Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
2 pleading once as a matter of course at any time before a responsive pleading is served. Otherwise,
3 a party may amend only by leave of the court or by written consent of the adverse party, and leave
4 shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive
5 pleading has been served. Therefore, plaintiff may not file an amended complaint without leave of
6 the court.

7    The policy that leave to amend shall be freely given when justice so requires must be applied
8 with extreme liberality. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th
9 Cir. 1990). The court has reviewed plaintiff's proposed second amended complaint and for the
10 following reason finds that justice does not require that plaintiff be granted leave to amend.

11    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
12 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
13 confined in any jail, prison, or other correctional facility until such administrative remedies as are
14 available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement
15 applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and
16 "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards,
17 nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner,
18 532 U.S. 731, 739 n.5 (2001)). Exhaustion of the administrative remedies must occur prior to filing
19 suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

20    Plaintiff filed suit on December 10, 2003. Attached to plaintiff's proposed second amended
21 complaint is a Director's Level decision denying plaintiff's inmate appeal grieving the MARC's
22 decision, dated June 15, 2004. In a "conflict between Federal Rule of Civil Procedure 15 and the
23 PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris
24 v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive
25 requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983.
26 Allowing plaintiff to pursue a claim against the members of the MARC in this action would allow
27 plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior
28 to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

1 All claims at issue in this action must have been exhausted by December 10, 2003. Plaintiff's exhibit establishes that exhaustion of his proposed claim against the MARC members occurred on June 15, 2004, after suit was filed. Allowing plaintiff to amend to include a claim that is barred by section 1997e(a) is futile and would serve only to tax the resources of the court and the State of California. Accordingly, it is HEREBY ORDERED that:

    1. Plaintiff's motion seeking leave to amend to add a claim against the members of the MARC is DENIED;[2] and

    2. The Clerk's Office shall scan plaintiff's proposed second amended complaint in its entirety so that the record is complete.

IT IS SO ORDERED.

**Dated:   September 26, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is not precluded from bringing a new suit against the members of the MARC. Plaintiff simply may not pursue that claim in this action.